# Corbitt, Adm'r, v. Dawkins *et al.*

### Bill in Equity to Enforce Vendor's Lien.

*Bill to enforce vendor's lien; when want of title no answer to.*—It is no answer to a bill by an administrator to enforce the vendor's lien on lands of his intestate, sold under a decree of the probate court, that he and the purchaser (there being no warranty or false representation inducing the purchase) labored under the common mistake that the intestate had title to all the land sold; whereas, in fact, a part of it belonged to third persons, who had ejected the purchaser, for the value of which a rebate of purchase money is claimed. The maxim, *caveat emptor,* applies with full force to such a sale.

APPEAL from Chancery Court of Henry.
Heard before Hon. B. B. McCRAW.
The opinion states the case.

J. A. CORBITT, for appellant.

OATES & BRO., *contra.*

BRICKELL, C. J.—The bill is filed by the appellant as administrator of Joseph Lawrence, and avers that as such

administrator, under a decree of the court of probate, he made sale of certain lands, described in the bill, on a credit of twelve months, the purchaser being required to give bond, with two approved sureties, for the payment of the purchase money. At such sale the appellee, Dawkins, became the purchaser—executed bond for the payment of the purchase money, with his co-appellees, Levin Culver and George D. Searcy, as sureties. The sale was duly reported to, and confirmed by the court of probate, and Dawkins entered into possession. Several payments were made on the bond for the purchase money, which are specified, but a balance remained due and unpaid thereon.

The prayer of the bill is that the appellant may be declared to have a lien on the lands for the unpaid balance of the purchase money, and in default of its payment a sale of the lands for the payment thereof decreed, and for general relief.

The appellee Dawkins answered, admitting the material allegations of the bill, but averring that to twenty-five acres of the land, more valuable than any other part of it, the intestate of the appellant had no title, but the title was in one Ward, who had, subsequently to the sale, sued in ejectment for its recovery, and obtained judgment and possession. Not averring there was any warranty of title on the sale to him, and disclaiming that the appellant made any false representations inducing him into the purchase, it is averred he and the appellant labored under the common mistake that the intestate had title to the twenty-five acres, as well as the remaining lands. Because of the want of title, a set off against the balance of the purchase money of the value of the twenty-five acres is claimed. The answer is made a cross bill, and to it the appellant answered. The chancellor allowed the set off, ascertained without a reference to the register, the value of the twenty-five acres, exceeded by one hundred and fifty dollars the unpaid balance of the purchase money, and for that excess rendered a decree against the appellant in favor of Dawkins for the use of his solicitors. From that decree this appeal is taken.

The defense preferred by the answer and cross bill, if sustained by the evidence, is without merit. We will not, therefore, inquire whether the evidence supports it, nor remark on some striking peculiarities of the proceedings and decree. The whole ground of defense, is the want of title in the intestate to the particular parcel of land. It is an elementary principle, that to judicial sales the maxim, *caveat emptor*, applies in all its force. The purchaser must take care—he buys at his own risk, as to quality, quantity and

[Corbitt, Adm'r, v. Dawkins et al.]

title. In the absence of fraud or misrepresentation, the law casts on him the duty of inquiry and examination as to the thing, and the right and interest he purchases.—Rover on Judicial Sales, §§ 459-62. Sales by an administrator under a decree of the court of probate are judicial sales.—*Hutton v. Williams*, 35 Ala. 503. The court is the vendor, and the administrator the officer through whom the sale is made. The court does not assume or propose to sell any other or greater right or title than that which resided in the intestate at his death. It neither makes or authorizes any warranty of title, quantity or quality, and, consequently, there can be no recourse, if there is a loss from the disappointment of the purchaser in respect to either. In private sales between individuals, if there is no fraud, and no covenants of warranty, the purchaser has no remedy if there is a failure of title. The maxim, *caveat emptor*, is then applied. In judicial sales, when there can be no warranty of title affecting the court, in the absence of fraud, no inquiry into the title can be indulged. The purchaser is conclusively presumed to have inquired for himself, and to have ascertained what he was purchasing.—*Perkins v. Winter*, 7 Ala. 855; *Worthington v. McRoberts*, 9 Ala. 297; *Jennings v. Jenkins*, ib. 285; *Pool v. Hodnett*, 18 Ala. 752; *Burns v. Hamilton*, 33 Ala. 210; *Ricks v. Dillahunty*, 8 Port. 134.

In this case the appellant had the means of tracing the title and ascertaining whether it resided in the intestate or not. If he abstained from examination, and the fact is, the title resides in another, all that can be said is, that his own negligence has betrayed him into an improvident bargain. From the administrator he made no inquiry, and obtained no representation, confiding in his own knowledge of the facts. His own mistake, or want of diligence, affords no reason for relieving him from the contract into which he had entered. Certainly it can not create a counter claim against an innocent party dealing with him, and who is able to perform all he ever undertook to perform, a conveyance of the right and title of the intestate, when the purchase money is paid. If that title is bad in whole or in part, he obtains, nevertheless, all that was sold, or that he purchased. An indefeasible title was not sold, or authorized to be sold; nor was there any other title or right than that of the intestate subject to be sold under the decree of the court of probate.

The decree of the chancellor is reversed and the cause remanded for further proceedings in conformity to this opinion. The appellees, Dawkins, Culver and Searcy, must pay the costs of this appeal.